m and and and all right our seventh case for this morning is pamela mckinney against secretary jay johnson miss mckinney uh... may it please the court i am pamela mckinney the appellate plaintiff here in the case uh... i should be given a new trial because of two fundamental mistakes made by the trial judge miss mckinney could you raise your voice slightly it would help us hear you okay so may it please the court i am pam mckinney the appellate plaintiff in the case uh... i should be given a new trial because of two fundamental mistakes made by the trial judge who took over the case after judge maravich denied summary judgment in mckinney's retaliation claim judge chang committed plain error in seating one of the jurors despite the fact that this juror was the accused manager in a race discrimination claim pending at the time of mckinney's trial despite the fact that the department of justice is required by statute to defend this juror's conduct as a federal employee accused of race discrimination and despite the fact that this juror did not reveal during voir dire that she had worked as a federal government human resources official second although judge maravich had made a finding of fact in ruling on dhs's motion for summary judgment the trial judge did not disclose the fact to the jury and allowed an adverse witness for the defense to testify in contradiction to the fact already conclusively established with regards to the trial judge's first mistake the trial judge committed plain error in seating one of the jurors the plain error standard of review permits the appellate court to review errors that were not objected to at trial if such errors are extremely unjust or unfair plain error is error that is evident, obvious, and clear the juror was a former federal employee whose conduct forms the basis for a currently pending discrimination lawsuit brought by a federal employee now the juror disclosed all of this in the voir dire process she volunteered that she had worked in the social security administration she mentioned that there had been a few complaints brought I'm not sure that these were personal complaints against her but usually we don't attribute the entire United States government to every single agency so this is the social security administration and your complaint dealt with homeland security the issue is what was the judge's responsibility, your honor, in seating this juror why wasn't there a responsibility for an objection to be made to that jurors in other words, the question at this point is, you know, would it have been appropriate to have granted a for-cause objection to juror Burrell and given her disclosures and her assurances that this that she wouldn't have any trouble being objective, the trial judge was satisfied that she wasn't biased. Your honor, the trial judge did not probe far enough to uncover that the jurors actions would be defended by Department of Justice. Do we know that, I mean, it's obvious that the Social Security Administration has government lawyers defending it so I'm not sure what probing is necessary for that well 28 United States Code 519 and 28 United States Code 516 Congress appointed Department of Justice to defend all federal agencies when sued and it also appointed the United States Attorney General to defend to supervise all federal agencies when sued. So that's where the conflict is and so while she may have been, I guess, at that point represented by federal agency attorneys the matter she described was currently before an EEOC administrative judge as was my matter. So Department of Justice was defending Homeland Security and they were defending my supervisor's actions and they would have defended her actions as well in federal court. But it hadn't gotten that far. No, but she, how can you expect a juror understanding that she was a senior human resource official to give an adverse decision against lawyers who would defend her actions? But it wasn't the same lawyers. Department of Justice, I mean. Which is a very large organization. Right, but so what you have, so you're saying it's okay for a juror to be seated and she's sitting across from an agency that will defend her actions? Well, I'm saying that the Department of Justice itself assigns lawyers through the 94 U.S. Attorney's offices, through the different sections of the Department in Washington. So it's not just a monolithic organization. It's not like the Attorney General's personally marching in and defending everybody. Yes, well my position is that the juror was prejudiced from the start. Okay. Okay. Can I continue with? Yeah, that's fine. Absolutely. So with regards to the trial judge's first mistake, the trial judge committed plain error in seating one of the jurors. The plain error standard of review permits the appellate court to review errors that were not objected to if such trial errors are extremely unjust or fair. Plain error is an error that is evidence obvious and clear. The juror was a former federal employee whose conduct forms the basis of a currently pending discrimination lawsuit fought by a federal employee. The juror's conduct will be defended by the United States Department of Justice in her official capacity as a human resource management official with Social Security Administration, the same agency as is defending the federal agency in the case alleging retaliation for a complaint of discrimination. Congress has directed the Department of Justice to defend all federal agencies when sued pursuant to 28 United States Code 516. The Attorney General for the United States has been directed to supervise all litigation when federal agencies are sued pursuant to 28 United States Code 519. The Supreme Court has ruled that trial judges must interrogate potential jurors to flesh out possible prejudice in civil and criminal trials. During Verdeer, Juror Burrell indicated that a race discrimination claim had been filed against the United States Social Security Administration alleging that she had engaged in discrimination, that the claim was before an administrative law judge, that she might be asked to testify, and that she had been in contact with federal attorneys. Social Security Administration and Department of Homeland Security are federal agencies. Prior to my trial, my case was before an administrative law judge. During Verdeer, the trial court did not probe as far as it should have to reveal that Juror Diane Burrell was prejudiced from the start since she was dependent upon the United States Department of Justice to protect her reputation. As a result, the trial judge allowed a juror who was dependent on the United States Department of Justice to defend her actions to serve as a juror during my trial. The United States Department of Justice defended the actions of McKinney's supervisors. During McKinney's trial, Juror Burrell retired from the United States Social Security Administration on November 24, 2014. McKinney does not argue that the court should have removed Burrell because of her government employment. Instead, I argue that they should have removed her because the Department of Justice is directed by Congress to defend her actions in litigation and her official capacity as an employee with the United States Social Security Administration in a charge of race discrimination. So if there hadn't been any pending charge, you wouldn't have any complaint then? Right. Okay. Okay, let me move on over here. Okay, so Juror Burrell's government employment on its own did not give cause for strike. Rather, Juror Burrell is dependent on the Department of Justice to defend her actions and her official capacity as human resource management with United States Social Security Administration alleging that she engaged in race discrimination. That's why the trial judge should have excused Burrell as a juror. Second, although Judge Maravich had made a finding of fact in ruling on Department of Homeland Security's motion for summary judgment, Judge Chang did not disclose this fact to the jury and allowed an adverse witness for the defense to testify in contradiction to the fact for already conclusively established. In ruling on Department of Homeland Security's motion for summary judgment, Judge Maravich found that certain facts were not in dispute. Judge Maravich ruled that the following facts were undisputed unless otherwise noted, otherwise noted, docket number 85 at 2. One of these undisputed facts is that McKinney's second-line supervisor, Scorosi, told her to withdraw her EEO complaint. On February 23, 2007, McKinney had a meeting with Dave Scorosi, who was Bailey's supervisor, and demanded that she stop contacting EEO and start discussing her issues with them. Scorosi told McKinney that these issues could be resolved on his level and that she could drop the complaint. This is docket number 85 at 5. So, Ms. McKinney, I don't mean to tell you how to use your time, but you are in your rebuttal time at this point if you want to save any of it. Okay, yeah, I'll save the rebuttal. Okay. Okay. Mr. Kuhn. May it please the court, Ms. McKinney, Ms. McKinney has willed her case down basically to two claims of error, both of which she's calling to be plain error. There is, of course, no plain error in civil cases. So that can't save her case. Neither of these errors, we think, are actually errors at all, and we don't think the court actually needs to address them. Because each one could have been raised in the district court back when something could have been done about it had it been an error, and it wasn't raised. It was not raised during the entire court proceedings, and it was not raised until her motion for a new trial. Therefore, they're waived and cannot be raised, both either on appeal or in her motion for a new trial. Now, Ms. McKinney was represented at the trial, right? Yes, she had two attorneys representing her, and both of those attorneys had more than one opportunity to object to either of these purported claims of error at trial, and they never did. That's a waiver. Even if these claims were not waived, there is no basis for granting her a new trial, even though she argues that they are errors by the district court. What she's really trying to do is avoid the consequences of what she would argue is the ineffectiveness of her attorneys, not objecting to a specific juror and not objecting to certain testimony. She argues for a new trial based on the mistakes made by her attorneys. However, there is no right to effective counsel in a civil case. So, therefore, any mistakes by her lawyers, and we do not believe that her lawyers made any mistakes here, but they are not a basis for granting a new trial in a civil case. There is an alternate remedy for that problem, and that is still available to Ms. McKinney. With regard to the juror, no challenge for cause was ever made. The district judge specifically asked both attorneys if they want to make a challenge for cause, and they said no. There's no implied bias here either, because all there is is a theoretical possibility that this one discrimination case may come to this court. So, was it clear that her potential role in this case, that is to say, Juror Burrell's potential role, would have been that of a defendant versus a witness or somebody else? No, no, no. At the time of the trial, she was retired from Social Security. Right, she's retired, but there was no lawsuit brought against her in her individual capacity that you know of? No, it would have been... If it would have proceeded out of the administrative level, it would have been against the agency itself. It would have been against the agency, so nothing in her individual capacity. She would not have been defendant, had no stake in the outcome. She would have been nothing more than a witness, if even that. But as far as the testimony of her manager, there was a meeting. Ms. McKinney and the manager disagreed about what happened. At summary judgment, we properly credited her version that was supported by her affidavit. When you filed your response... Was it your summary judgment motion? Yes. Okay. So did you... You said something like, for purposes of summary judgment, we accept these, you know, take the facts in the light most favorable to the non-moving party? Yes. Yeah, that means typically people will do that without admitting for all purposes that they're the case. Right. In fact, I footnote it, just so it's very clear. So at summary judgment, the district court credited her version, as it should have, and that's why the retaliation claim survived summary judgment. At trial, both versions were presented to the jury and the jury obviously rejected Ms. McKinney's version. And I would, if there are no other questions, ask that you affirm the decision of the district court. All right. Thank you very much, Mr. Kuhn. So anything further, Ms. McKinney? Yes. So I have the... Wait, wait a second until you get up to the podium. I have the trial transcript. Juror Burrell did say that a race discrimination claim had been filed against her in her official capacity as a supervisor, and the matter was before an administrative law judge. So similar to the situation that I was in, where I had filed an EEO, I started to initiate the EEO process. The matter went before an administrative law judge, and then I ended up procedurally in federal court. So that is the trial. If you look at the... It is on the docket. If you look at her transcript testimony, the jury transcript testimony, you will see where she says a race discrimination claim was filed, alleging that she had engaged in race discrimination. So her actions would be defended before an administrative law judge, and if either party was not pleased, then it would have ended up here. I just went in by saying, Pennelly could have addressed these issues at trial, but he did not. The Department of Justice says that that should bar me from any relief because of ineffective assistance of counsel is not grounds for a new trial, but that is not my position. The judge has a responsibility to assure a fair trial, regardless of what the lawyers do or they don't do. Here's where a party's lawyer fails to take necessary action. The judge can't simply ignore it. The judge has to do whatever is necessary to assure fairness, and the judge should not do that here. Okay. I think you need to wrap up. You're out of time. Okay. Thank you. Thank you very much. Thanks to counsel for the government as well. We'll take the case under advisement.